## LE BLANC *v.* SAYERS.

Replevin—Evidence—Question for Jury.

In replevin by a wife for a piano seized to satisfy a debt of her husband, where the evidence as to the ownership of the piano was very conflicting, and the question of fact was submitted to the jury under proper instructions, the judgment of the court below in favor of the plaintiff will be affirmed.

Error to Chippewa; Fead, J. Submitted June 7, 1918. (Docket No. 81.) Decided July 18, 1918.

Replevin by Mary J. LeBlanc against Dennis Sayers, deputy sheriff, for the possession of a piano. Judgment for plaintiff. Defendant brings error. Affirmed.

*M. M. Larmonth,* for appellant.

*Davidson & Hudson,* for appellee.

Moore, J. From a judgment in favor of the plaintiff this case is brought here by writ of error. The judge charges the jury in part as follows:

"It appears in this case that the defendant, Dennis Sayers, was a deputy sheriff of this county; that as such deputy sheriff, on the 30th day of August last, he seized a certain piano under a judgment rendered in favor of Cameron Brothers, and against Louis J. Le-Blanc. The title to that piano is the issue in this case, and the issue is whether the piano belonged to Louis J. LeBlanc or to the plaintiff, his wife. Now if the piano belonged to Mr. LeBlanc, then the defendant is entitled to a verdict here. If it belonged to Mrs. LeBlanc then she is entitled to a verdict and that is the issue in this case as to who owns the piano.

"It appears that the piano was purchased in 1902; that some notes were given which were signed by Mr. LeBlanc. The circumstances under which the pur-

See note in 35 L. R. A. (N. S.) 713.

chase was made are in dispute, and I charge you that it is the presumption of law that things brought into the house by the husband and by his purchase are presumptively his property. If Mr. LeBlanc merely purchased this piano for the use of his wife to have in the house in the usual course of household affairs, and no more than that, he would be the owner of the piano. He had, however, a right to give it to her, and if he did give it to her at the time of the purchase, then the piano would be hers. It is incumbent upon her to show in this case, by a preponderance of evidence, that her husband did give the piano to her to be her own separate property, to divest him of any title, if he had any title, or to take title direct from the seller to her—at least that it was to be her piano and not his.

"Some claim has been made that Mrs. LeBlanc paid part of the purchase price out of some earnings which it is claimed she made from commissions on the sale of pianos, and in other ways. I charge you, gentlemen, that, under the evidence here, as she has testified, her earnings and the right thereto were not given to her by her husband; that her husband was still entitled to her earnings. In other words, gentlemen, a husband is entitled to his wife's earnings unless he gives them to her, or permits her to work and keep her own earnings. Consequently under the evidence here, the fact that she paid part of the purchase price would not give her the title to the piano itself. It may however be taken into consideration by you, as bearing upon the question of whether her husband did, in fact, give her the piano, to be held as her separate property. Now, gentlemen, that is the issue in this case. *   *   *

"If you find that the plaintiff, Mrs. LeBlanc, is the owner of the piano, then, of course, your verdict will be merely for the plaintiff. If you find that Mr. LeBlanc is the owner of the piano, then your verdict will be for the defendant.

"Now, the defendant has waived the return of the property. *   *   * He claims only a lien upon the piano for the amount of the judgment; if you find that Mr. LeBlanc owns the piano you will render a verdict in favor of the defendant for the sum of $137.06 with interest. *   *   *

"To repeat, gentlemen, if you find that the piano be-

longs to Mrs. LeBlanc you will find a verdict in her favor. If you find the piano belonged to Mr. LeBlanc you will then render a verdict in favor of the defendant for the amount of $137.06, together with interest at 5 per cent. per annum from July 31, 1909."

The defendant claimed a verdict should have been directed in his favor. His brief concludes as follows:

"As the record discloses title to the piano to be in Mr. LeBlanc and liable for his debts, the judgment should be reversed and a judgment entered in this court for defendant for the amount of the judgment against LeBlanc, amounting to $137.06 with interest at five per cent. from July 31, 1909, and costs of both courts."

The testimony was conflicting, Mrs. LeBlanc testifying one way and her husband another. There was a question of fact to be submitted. It was properly submitted.

The judgment is affirmed, with costs to the plaintiff.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.